# Patterson's Estate.

*Wills—Construction—Charge on land—Intestate laws.*

A wife died without issue, leaving to survive her, her husband and nephews and nieces. By her will she gave to her husband certain specific items of her personal property. She further directed: "Also I give and bequeath to him besides the foregoing articles named such part or portion of my estate as he shall be entitled to under the intestate laws of the state of Pennsylvania." She then directed that her husband should have the use of any money owing by him to her during his natural life without interest. Many years afterwards her husband died leaving a will devising land which he owned absolutely "subject, however, to the payment of the sum due by special legacy, and also to the residuary legatees under the condition of the last will and testament" of his wife. In an accounting by the husband of his wife's estate made prior to the execution of his will he assumed that under his wife's will he took one-half and not the whole of her personal property. *Held* that the husband's will was to be construed so as to charge upon the land devised only one-half of the value of the personal estate of which the testator's wife died possessed.

Argued Oct. 19, 1914. Appeal, No. 65, Oct. T., 1914, by Hettie A. Witherspoon, from decree of O. C. Fulton Co., directing payment of legacy charged on land in 'Estate of William Patterson, deceased. Before RICE, P. J., ORLADY, HEAD, KEPHART and TREXLER, JJ. Affirmed.

Rule to pay over legacy charged on land. Before SWOPE, P. J.

The facts are stated in the opinion of the Superior Court.

The court entered the following decree:

And now, March 9, 1914, after due consideration, it is ordered, adjudged and decreed, that Kate L. Nelson pay to the special legatee and the residuary legatees under the will of Elizabeth J. Patterson, deceased, the sum of $917.50, with interest from September 12, 1912,

as directed by her last will and testament, or order will
be issued to sell the real estate devised to her under
the will of William Patterson, deceased, subject to the
payment of which the said real estate was delivered to
her.

*Error assigned* was the decree of the court.

*G. W. Atherton,* for appellant, cited: Hiestand v.
Meyer, 150 Pa. 501; Still v. Spear, 45 Pa. 168; France's
Est., 75 Pa. 220.

*Charles Walter,* with him *J. Nelson Sipes,* for appellee,
cited: Smith's App., 23 Pa. 9; Watson v. Smith, 210
Pa. 190; Merkel's App., 109 Pa. 235; Stephenson's Est.,
30 Pa. Superior Ct. 97; Snyder v. Baer, 144 Pa. 278;
Grove's Est., 58 Pa. 429; Sprankle v. Com., 2 Walker,
420.

OPINION BY HEAD, J., February 24, 1915:

William Patterson died September 18, 1912, testate.
By his will, duly admitted to probate, he devised a
certain tract of land, of which he died seized, to Mrs.
Kate L. Nelson, her heirs and assigns, "subject, how-
ever, to the payment of the sum due by special legacy"
and also to the residuary legatees under the condition
of the last will and testament of my said wife, Elizabeth
J. Patterson, deceased." She, the wife of the testator,
died May 31, 1891, having first made her last will
which was duly probated. The petitioner, at whose
instance the present proceeding was instituted, was one
of the residuary legatees under the will of Elizabeth
Patterson. In her petition she claimed that the land of
William Patterson, which passed under the devise
above quoted to Mrs. Nelson, was charged with the
payment of the sum of $1,835, which she alleged was
the amount of the residuary estate bequeathed to her
and her co-legatees under the will of Elizabeth Patterson,

The appellee, Mrs. Nelson, contends that the land devised to her was charged with the payment of but one-half the sum named, to wit, $917.50. This amount she has paid in to the orphans' court for distribution among the several residuary legatees under the will of Elizabeth Patterson.

The land devised to Mrs. Nelson was never any part of the estate of Elizabeth Patterson. It belonged in fee to her husband. We must ascertain, therefore, with what sum he intended to charge his land in the hands of his devisee. Whilst it is clear that he subjected this land to a charge, it is apparent the amount of that charge cannot be ascertained by an examination of his will alone. It contains no expression, which in and of itself is determinative of the amount of the charge. We must go back then to the will of the wife who pre-deceased him many years and see the situation that confronted him when he long afterwards made his own will.

No children had ever been born to William and Elizabeth Patterson. At the time of her death, leaving aside their relation to each other, their nearest kindred' were nephews and nieces or the children of deceased nephews and nieces. In such case, under sec. 1 of the Act of April 8, 1833, as amended by sec. 9 of the act of April 11, 1848, the surviving husband became entitled to the whole of the personal estate of his deceased wife who died intestate. As to such estate he became her heir at law, that is to say, the person upon whom the law cast the inheritance, if such expression may be properly used as to personal estate. Turning then to the will of Elizabeth Patterson, we find that after directing the payment of her debts, her will contains next the following paragraph, out of which the contention of the respective parties springs: "I give and bequeath to my beloved husband all my household goods, my bees, my sheep, my buggy and harness, and all my poultry of every kind; also I give and bequeath to him besides the

foregoing articles named such part or portion of my estate as he shall be entitled to under the intestate laws of the state of Pennsylvania. I further give and bequeath to him the use of any money which may be owing to me upon note or other evidence of indebtedness during his natural life without interest from the date of my decease until the day of his death, and now order and direct that my executor shall not attempt to enforce collection of any sum due to me or to my estate from my said husband during his lifetime." The argument of the appellant is, that clauses second and third of the paragraph quoted are so absolutely repugnant that both cannot stand, and as a consequence the second clause must be practically expunged from the will in order that full force and effect may be given to the third and last clause quoted. It seems pertinent to remark in passing that the process of ascertaining the intention of a testator by wholly excluding from consideration one or more important clauses in a will ought not to be one readily favored by courts.

In undertaking to construe this somewhat obscure paragraph, certain pregnant facts and principles of construction must be kept in mind. This husband and wife were childless. Clearly he was the first and chief object of her bounty. As to her personal estate, he was her next of kin under the intestate laws, entitled to the whole of such estate. In doubtful cases the law naturally leans to that construction of a will which will give the estate to the heir at law rather than to a stranger. Where, by clear and apt language, a testator has bequeathed to his or her heir at law the full title to property, the title thus given will not be cut down by a subsequent devise or bequest unless it plainly appears from the will itself that such was the intention of the testator.

In the light of these facts and legal principles, let us turn again to a more detailed examination of the paragraph of the will we have quoted. In the first clause

there is a bequest to the husband of certain specific items of her personal property. The language of the second clause excludes any other conclusion than that thereby she intended to enlarge and add to what she had already given. For the purpose of measuring the extent of this additional bequest she briefly, but clearly, writes into her will the appropriate sections of the intestate laws of Pennsylvania. If the will had stopped there, no one could doubt that the husband, under the clearly expressed language of the testatrix, would take, of the personal estate, precisely what he would have been entitled to had no will been made, and this confessedly would be the whole of such estate. It is a presumption of law that every one knows the law. Did the testatrix, by the third and final clause of the paragraph quoted, intend to cut down and diminish the quantum of the legacy she had just made to her husband? If we confine our attention to the language of the will itself, this question must be answered in the negative because the expressed declaration of the testator is, "I further give and bequeath to him, &c." These words, giving to them their natural and ordinary meaning, of which the testatrix was apprised, leave no room for the conclusion that she intended her husband to have less, by the operation of the third clause, than he would have taken without such clause. On the contrary, the expressions used clearly and unmistakably evidence her intent to give something more than, as she believed, she had already bequeathed. If therefore the appellant must stand, as her counsel argues we must, upon the language of the will itself, excluding all other considerations, she is confronted with the proposition that the testatrix clearly bequeathed to her husband her entire personal estate and that the language thereafter used by her does not disclose a desire or intent on her part to cut down or diminish what she had previously given. Under these circumstances the surviving husband might have strongly contended, whether he took

under the will or against the will, that he was legally entitled to the whole of the personal estate.

But if, in seeking for the actual intent of the last testator in charging his land with an indeterminate sum, so that the amount thereof may be fixed, we must go back of the language of his will to other sources, there is much to favor the conclusion reached by the learned court below. Had the wife survived the husband and been the beneficiary of a bequest in his will similar to that contained in hers with regard to the intestate laws, she would have taken but the one-half of his personal estate. If, as a fact, such was the idea of the law entertained by the testatrix, there would be but little difficulty in discovering what she aimed to do. That the executor of her will and her husband both acted on the theory such was the law, there is no room to doubt. The executor in his account, confirmed many years ago, whilst he charged himself with the full amount of the debt and interest of the note which the husband had given to the wife, set over against that charge a credit for the one-half thereof retained by the husband under his construction of the will of his wife. The remaining one-half the husband assumed to be what was to go to the residuary estate under his wife's will, to be divided between the petitioner and the other residuary legatees. We mention these considerations for the purpose of showing that in equity and good conscience the appellant will take under the decree from which she appeals all she can fairly claim.

From a consideration of the whole record we reach the conclusion that the testator, William Patterson, intended to charge his land, devised to appellee, with the payment of $917.50 and no more, and that the present appellant has not been aggrieved by the order or decree from which she appeals. It should not therefore be disturbed.

The decree is affirmed.